## UNITED STATES of America

v.

## Paul R. STEINBERG.

Civ. A. No. 81–884–Z.

United States District Court,
D. Massachusetts.

Dec. 6, 1982.

Donald R. Anderson, Asst. U.S. Atty., Boston, Mass., for plaintiff.

Stephen C. Steinberg, Brockton, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

The United States sues to recover $2,247.79 paid to the defendant as veterans' educational assistance allowances but to which defendant was allegedly not entitled. The case is before me on the motion of the United States for summary judgment. For the reasons stated below, the motion is denied.

The affidavit and supporting attachments filed by the United States show that defendant, a veteran, enrolled as a student at Boston State College in September 1974. An enrollment certification received from the school indicated that defendant would be a full-time student during each of the four upcoming academic years. The Veterans' Administration ("VA") informed defendant that he would be entitled to $270.00 per month while he was in school. Between September 4, 1974 and November 30, 1975, defendant received $2,484.00 from the VA.

On August 4, 1975, the VA informed defendant by letter that payments to him would be continued, conditional upon his full-time enrollment for the next semester. The VA wrote also that an advance payment for the months of September and October 1975 would be mailed to defendant's school and would be delivered to him upon his registration. A treasury check for the month of November was later mailed directly to the defendant at his home.

At sometime before November 24, 1975, the check for September and October of that year was returned by Boston State College. On November 24, 1975, the VA notified defendant that the return of his check had caused the cancellation of his education allowance for the fall enrollment period. At some point, the exact time is not clear, the VA was informed by Boston State College that defendant had only attended the school less than half time during the fall 1974 semester. An enrollment certificate which the VA had received in January 1975 from Bridgewater State College in

Bridgewater, Massachusetts, had indicated that defendant would take one three-credit course there during the spring. On the basis of the information received from these two institutions, the VA determined that defendant had been entitled to monthly payments of only $34.22 while attending Boston State and $28.14 for the period during which he was enrolled at Bridgewater. Accordingly, the VA informed defendant that he had been overpaid $2,247.79 and requested repayment. A request by defendant for a waiver of repayment was denied.

■ Plaintiff's complaint states that recovery of erroneous payments is sought in accordance with 38 U.S.C. § 1780. The only provision for recovery of erroneous payments in that section is 38 U.S.C. § 1780(e) which is concerned exclusively with advance payments.[1] The section confers no authority to recover other erroneously paid benefits. The affidavit of James W. Chandless, the Adjudication Officer for the Boston Regional Office of the VA, does not state that defendant received any advance payments. Indeed, the audit of defendant's account, which is appended to the affidavit, appears to indicate that no advance payment checks were issued other than the one returned in 1975.

■ Even if the United States were permitted to amend its complaint so as to seek recovery under 38 U.S.C. § 1785, it still would not be entitled to summary judgment. Section 1785 at all relevant times provided:

Whenever the Administrator finds that an overpayment has been made to the eligible person or veteran as the result of (1) the willful or negligent failure of an educational institution to report, as required by this chapter or chapter 34 or 35 of this title and applicable regulations, to the Veterans' Administration excessive absences from a course, or discontinuance or interruption of a course by the eligible person or veteran, or (2) false certification by an educational institution, the amount of such overpayment shall constitute a liability of such institution, and may be recovered in the same manner as any other debt due the United States. Any amount so collected shall be reimbursed if the overpayment is recovered from the eligible person or veteran. This section shall not preclude the imposition of any civil or criminal liability under this or any other law.

It is not apparent from the affidavit or supporting attachments submitted by the plaintiff that the Administrator of the VA ever found that Boston State College had willfully or negligently failed to report the defendant's discontinuation of courses, nor that Boston State College did, in fact, willfully or negligently fail so to report. As noted above, the VA was notified at some point by the College that defendant was not a full-time student, but the document submitted by plaintiff does not indicate the date of this notification. Absent a finding of institutional failure to report or false certification, overpayments cannot be re-

---

1. At the relevant time, section 1780(e), then designated section 1780(f) and since amended slightly, was as follows:

Recovery of Erroneous Payments

(f) If an eligible veteran or eligible person fails to enroll in or pursue a course for which an educational assistance or subsistence allowance advance payment is made, the amount of such payment and any amount of subsequent payments which, in whole or in part, are due to erroneous information required to be furnished under subsection (d)(2) and (3) of this section, shall become an overpayment and shall constitute a liability of such veteran or person to the United States and may be recovered, unless waived

pursuant to section 3102 of this title, from any benefit otherwise due him under any law administered by the Veterans' Administration or may be recovered in the same manner as any other debt due the United States.

38 U.S.C. § 1780(d)(2) described an advance payment as a payment "made in an amount equivalent to the allowance for the month or fraction thereof in which pursuit of the program will commence, plus the allowance for the succeeding month."

The legislative history of this section confirms that it is concerned exclusively with recovery of *advance* payments. 1972 U.S.Code Cong. and Adm.News 4331, 4347.

covered from defendant under 38 U.S.C. § 1785.[2]

Since the affidavit and supporting documents submitted by the United States do not show that the government is entitled to judgment as a matter of law, summary judgment is denied.

**2.** In 1980, Congress amended section 1785 to allow recovery of overpayments from a veteran absent a determination that a school has failed to report or has falsely certified. 38 U.S.C. § 1785 now provides, in relevant part, as follows:

(a) Whenever the Administrator finds that an overpayment has been made to a veteran or eligible person, the amount of such overpayment shall constitute a liability of such veteran or eligible person to the United States....
(c) Any overpayment referred to in subsection (a) ... may be recovered ... in the same manner as any other debt due the United States.

The House Report noted that the amendment was desirable because "Section 1785 imposes liability directly on the schools but no similar explicit duty is required in that section of the veteran or eligible person." H.R.Rep. No. 498, 96th Cong., 1st Sess. 109 (1979). Although the Report added, "We have long provided by regulations that the veteran or eligible person must report changes in status timely and truthfully," *Id.* at 109, it does not appear that any prior regulations imposed *liability* on individual veterans, nor, given the language of the statute, would they have been authorized to do so.